# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LEONARD FRED TILLMAN,** ) | |
| Plaintiff, ) | C.A. No. 08-104 Erie |
| ) | |
| vs. ) | |
| ) | **District Judge McLaughlin** |
| **PA DEPT. OF CORRECTIONS, et al.,** ) | **Magistrate Judge Baxter** |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

It is respectfully recommended that Defendants Doctor Jordano, DDS and Dental Assistant Cindy be dismissed from this case due to Plaintiff's failure to prosecute.

### II.    REPORT

#### A.    Relevant Procedural History

Plaintiff Leonard Fred Tillman, an individual incarcerated at the Allegheny County Jail in Pittsburgh, Pennsylvania, filed this civil rights action on April 17, 2008.

On June 30, 2008, this Court issued an Order directing Plaintiff to provide the United States Marshal Service with proper directions of service for Defendants. [Document # 8]. After being informed by the United States Marshal Service ("U.S. Marshal") that Plaintiff had not fully cooperated in its efforts to serve Defendants Doctor Jordano, DDS ("Jordano"), and Dental Technician Cindy ("Cindy"), this Court issued an Order on October 30, 2008, requiring Plaintiff to provide the U.S. Marshal with the necessary address information and documentation to allow said Defendants to be served. [Document # 32]. The Order provided further that Plaintiff's failure to provide the necessary information to the U.S. Marshal on or before November 18, 2008, would result in the dismissal of Defendants Jordano and Cindy for failure to prosecute. A review of the docket entries in this case indicates that service has never been effectuated on said Defendants.

**B.     Discussion**

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. <u>Id.</u> at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. <u>Hicks v. Feeney</u>, 850 F.2d 152 (3d Cir. 1988).

Applying the <u>Poulis</u> factors to the present matter, this Court recommends the dismissal of Defendants Jordano and Cindy from this case. For the last several months, Plaintiff has taken none of the necessary steps to prosecute this case against said Defendants. Further, Plaintiff has ignored an Order of this Court that expressly stated his case would be dismissed against said Defendants for failure to prosecute if he did not comply. Plaintiff is proceeding <u>pro se</u> and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.

**III     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendants Doctor Jordano, DDS and Dental Technician Cindy be dismissed from this case due to Plaintiff's failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a

waiver of some appellate rights.  See e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

          S/Susan Paradise Baxter
          SUSAN PARADISE BAXTER
          Chief U.S. Magistrate Judge

Dated: February 20, 2009

cc:    The Honorable Sean J. McLaughlin
       United States District Judge