IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD FRED TILLMAN,<br>      Plaintiff, | )<br>)<br>) |
| vs. | )     C.A. No. 08-104 Erie |
| PA DEPT. OF CORRECTIONS, et al.,<br>      Defendants. | )<br>)     Magistrate Judge Baxter<br>) |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.     RECOMMENDATION

It is respectfully recommended that:

    1.     The Motion to Dismiss Complaint filed on behalf of the DOC Defendants [Document # 21] be granted; and

    2.     The Motion to Dismiss Complaint filed by Defendant Prison Health Services, Inc. [Document # 23] be granted.

It is further recommended that this case be closed.

## II.     REPORT

### A.     Relevant Procedural History

On April 17, 2008, Plaintiff Leonard Fred Tillman, a prisoner formerly incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion")[1], filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against Defendants Prison Health Services, Inc. ("PHS"), a private corporation that provides health care to SCI-Albion inmates; Pennsylvania Department of Corrections ("DOC"); Dr. Logan, DDS ("Logan"), a dentist at SCI-Albion; Dr. Calderbank, DDS ("Calderbank"), a dentist at SCI-Albion; and Lynda Maruschak, a dental

---

[1] Plaintiff is presently incarcerated at the Allegheny County Jail. (See Document # 5, Notice of Change of Address).

hygienist at SCI-Albion.[2] Defendants DOC, Logan, Calderbank, and Maruschak will collectively be referred to as "DOC Defendants."

In his complaint, Plaintiff alleges that Defendants violated his Eighth Amendment rights because they were deliberately indifferent to his serious dental needs. As relief for his claims, Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

The DOC Defendants and Defendant PHS have filed motions to dismiss the complaint [Document ## 21, 23, respectively], arguing, *inter alia*, that Plaintiff has failed to state an Eighth Amendment claim upon which relief may be granted. Although he has been given ample time to do so, Plaintiff has not filed a response to either of the pending motions to dismiss. This matter is now ripe for consideration.

### B. Relevant Factual History

After being transferred from SCI-Greene to SCI-Albion, Plaintiff was called to SCI-Albion's dental department, and was examined and x-rayed by Dr. Jordano and his dental assistant. Plaintiff was then told to watch the inmate call-out for his next dental appointment. (Complaint at ¶ 4). After waiting four months, during which Plaintiff submitted numerous sick call requests, Plaintiff was again examined by Dr. Jordano and his assistant, and was again told to look for his next appointment on the inmate call-out sheet. While waiting for his next appointment, Plaintiff claims that he was experiencing "excruxiating [sic] tooth pain and poor dietary habits because of the inability to properly chew his food." (Complaint at ¶ 6).

Due to the lengthy wait for his next appointment, Plaintiff filed a grievance for lack of adequate dental care. (Complaint at ¶ 7). Before this grievance was resolved, however, Plaintiff was called to the dental department and was seen by Defendant Logan, "who purportedly

---

[2] Plaintiff also named as original Defendants Dr Jordano, DDS and "Dental Assistant Cindy;" however, these Defendants were dismissed from this case by Memorandum Order of District Judge Sean J. McLaughlin, dated April 29, 2009, due to Plaintiff's failure to comply with this Court's Order to serve them with original process. [Document # 34].

2

cleaned and filled Plaintiff['s] molar teeth and [possibly] two more front teeth." (Complaint at ¶ 8); however, Plaintiff claims that he experienced "acute and excruxiating [sic] pain" during the dental procedure due to Defendant Logan's failure to give him enough Novocaine. (Complaint at ¶ 9). As a result, Plaintiff claims that his "molar tooth was made worse than it was due to the tooth's now constant hot and cold sensations and ensuing tooth aches." (Complaint at ¶ 14).

After filing a grievance regarding the sensitivity he was experiencing in his molar tooth, Plaintiff was called to the dental department and was seen by Defendant Calderbank, who "sought to fill a cavity or hole still in the molar Dr. Logan had made previously," and "sought to desensitize Plaintiff['s] molar." Nonetheless, "both attempts had no effect since Plaintiff still suffers from hot and cold sensations in and around his molar tooth and still experiences undue pain therein." (Complaint at ¶ 15).

### C. Standards of Review
#### 1. Motion to Dismiss

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable

factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

4

**D.     Discussion**

In the medical context, a constitutional violation under the Eighth Amendment occurs only when state officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). "In order to establish a violation of [the] constitutional right to adequate medical care, evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need[3] involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106; see also Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)('it is well established that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference'"). "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted).

Here, Plaintiff claims that "while incarcerated at SCI-[Albion] that he received utterly inadequate and sub-par dental/oral care in violation of the law and standards and protocol of the American Dental Association," and that Defendants' "failure to detect and treat or refer for

---

[3] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

5

examination all apparent ailments of the oral cavity rendered their level of examination inadequate to the level of malpractice and sub-par dental care...." (Complaint at ¶¶ 18, 21). These allegations sound in medical negligence and/or malpractice, rather than deliberate indifference. Moreover, dental treatment was not denied Plaintiff as he was treated on numerous occasions for his dental complaints. As a result, Plaintiff has failed to state an Eighth Amendment claim upon which relief may be granted, and his Complaint should be dismissed.

### III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

1. The Motion to Dismiss Complaint filed on behalf of the DOC Defendants [Document # 21] be granted; and

2. The Motion to Dismiss Complaint filed by Defendant Prison Health Services, Inc. [Document # 23] be granted.

It is further recommended that this case be closed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. See, e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated: May 22, 2009

cc:     The Honorable Sean J. McLaughlin
        United States District Judge